**KRAUTH, Plaintiff-Appellant, v. CLEVELAND (City), Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22258.  Decided November 19, 1951.

Sindell & Sindell, Cleveland, for plaintiff-appellant.
Clarence L. Mollison, Cleveland, for defendant-appellee.

(NICHOLS, PJ, GRIFFITH, J, PHILLIPS, J. of the Seventh District sitting by designation in Eighth District.)

## OPINION

By PHILLIPS, J.:

Plaintiff sued defendant, a municipal corporation, in the Court of Common Pleas, to recover damages for personal injuries sustained by her allegedly as the result of defendant's carelessness and negligence in failing and neglecting to keep one of its improved, duly dedicated, and accepted streets open, in repair, and free from nuisance, in violation of the provisions of §3714 GC, and as the owner of the Cleveland Transit System in carelessly and negligently permitting her to alight from one of its street cars, on which she was riding as a paid passenger, on that highway at a point thereon where there was "a triangular hole measuring 1′ x 1′ x 1′ of uneven surface at the bottom" into which she stepped.

By answer defendant denied any failure of duty on its part and charged plaintiff with contributory negligence.

The jury returned a verdict for the defendant, upon which subsequently the trial judge duly entered judgment.

Plaintiff appealed from that judgment to this Court on questions of law.

Plaintiff testified that she was unfamiliar with the place where she alighted, and was last there about six or eight months prior to the time she fell, although during that time

she worked in the immediate vicinity thereof; that as she alighted she was watching for traffic, and had her eyes fixed on a spot in the highway about five feet away.

One of defendant's patrolman witnesses, who took plaintiff to the hospital, testified that plaintiff told him "I had gotten off this stop thousands of times before and nothing happened. I didn't think it was necessary to look."

Another of defendant's patrolman witnesses testified that plaintiff told his brother officer that "it wasn't necessary" to "see that hole." "I got off that corner thousands of times."

The evidence presented questions for the determination of the jury as to defendant's negligence and plaintiff's contributory negligence; and further reference to it is not necessary to understand the question presented for our consideration and determination by plaintiff's sole assignment of error, namely, that the trial judge erred to her prejudice "in charging the jury to consider" the issue of plaintiff's contributory negligence "first before the issue of negligence," and in overemphasizing that issue in the entire general charge.

After reciting the claims of negligence made by plaintiff in her petition, defining negligence, burden of proof and proximate cause, the trial judge charged the jury inter alia as follows:

"I will say to you at the outset that the plaintiff must at all times have exercised ordinary care for her own safety, and if her testimony raises the presumption that she failed to exercise ordinary care for her own safety, she is required to meet that presumption. But if no such presumption has arisen, or if such presumption having arisen has been met by her, then the defendant must prove to you by a preponderance of the evidence that she failed to exercise ordinary care for her own safety, and that that failure upon her part either caused or contributed to cause her injuries.

"So that is the first issue you will determine, whether or not the plaintiff exercised ordinary care for her own safety. And if she failed to exercise ordinary care for her own safety and that failure upon her part directly caused, directly and proximately caused or directly and proximately contributed to cause her injuries, she can not recover in this action. Your inquiry would go no further and you would return a verdict for the defendant.

"If on the other hand she was in the exercise of ordinary care for her own safety at and just prior to the time of receiving her injuries, you next would inquire as to the negligence or failure to exercise ordinary care on the part of the defendant."

At the close of the general charge, and after discussion at the bench with counsel, the trial judge further charged the jury in these words:

"I have been requested, and rightly so, members of the jury, to say to you that the plaintiff in alighting from that car must alight as an ordinarily prudent person would alight under the same or similar circumstances.

"If ordinary care upon her part required that she look where she was stepping and that would be required of an ordinarily prudent person alighting from that streetcar, then she would be required to exercise that ordinary care and to use her eyes to see where she was stepping as she alighted from that car.

"I have said to you several times that the plaintiff must at all times have exercised ordinary care for her own safety, and if she failed to exercise ordinary care for her own safety and that failure upon her part either caused directly and proximately or directly and proximately contributed to cause her injuries she can not recover in this action."

Considering the general charge of the trial judge in its entirety two members of the court conclude that no error intervened which was prejudicial to plaintiff in the respects charged.

The judgment of the Court of Common Pleas is affirmed. Exceptions noted. Order See Journal. See Dissenting Opinion.

GRIFFITH, J, concurs.
NICHOLS, J, dissents.

### DISSENTING OPINION
By NICHOLS, J.

Considering the errors claimed by appellant, together with the entire charge of the Court, including the special request given on behalf of defendant before argument, I conclude that the judgment should be reversed as I cannot find that substantial justice has been done plaintiff in this case. For example, the Court charged, as first quoted in the majority opinion, that

"if her testimony raises the presumption that she failed to exercise ordinary care for her own safety, she is required to meet that presumption."

I do not believe that the jury would understand what was meant by the requirement "to meet that presumption," in the absence of proper explanation by the Court.

Furthermore, I find the third request of defendant to charge

before argument is prejudiciously erroneous. The request is as follows:

"No. 3. This Court charges you as a matter of law that the plaintiff in the exercise of reasonable care for her own safety while alighting from the street car was required to exercise her sense of sight and if you find that the hole into which she stepped was plainly visible and could have been easily avoided and there was no reason why her sight should have been diverted therefrom, your verdict must be for the defendant, the City of Cleveland."

Such charge entirely ignores the issue of proximate cause. Whether appellant's negligence was the proximate cause or a proximate contributing cause of her injuries could be determined only from a consideration of all the evidence, not alone that set forth in the quoted charge—a function peculiarly for the jury where the state of the evidence, as in this case, is such as to justify different minds in reasonably arriving at different conclusions with respect to that question, or where it is doubtful whether reasonable minds would or would not differ in the inferences drawn from all the evidence.

**Smith v. Zone Cabs, 135 Oh St 415.**

Assuming that the jury would find from the evidence that plaintiff while alighting from the street car failed to exercise her sense of sight and that the hole into which she stepped was plainly visible and could have been easily avoided, and there was no reason why her sight should have been diverted therefrom, nevertheless, there was traffic on the street, at which she was then looking, and it was for the jury to determine from all the evidence whether plaintiff then acted as an ordinarily prudent person would have acted under the same or similar circumstances. If the jury had found that plaintiff did act as an ordinarily prudent person would have acted under the same or similar circumstances, she was not guilty of negligence at all.

Surely her negligence, if any, in the respects enumerated in the charge, was no greater than the negligence of Smith in violating the specific requirement of the ordinance of the City of Warren, whereby he was guilty of negligegnce per se. This Court of Appeals did **not** reverse the judgment of the Common Pleas Court merely because we found Smith guilty of negligence per se, but because we further found that reasonable minds could. come to no other conclusion than that such negligence per se was at least a direct and proximate contributing cause of his injuries. We found from the evidence that Smith could not possibly have been injured except for his negligence per se in violating the specific requirement

of the ordinances of the city. He simply would not have been there to be injured.

In the case we are now reviewing, the court charged upon the issue of contributory negligence, and having found that issue one for the determination of the jury, should have charged on the issue of proximate cause, because reasonable minds could have differed on that issue, but on the contrary, the court usurped the functions of the members of the jury who alone were to determine whether plaintiff's conduct was negligent under all the facts shown by the evidence, and if negligent, whether such was a proximate contributing cause of her injuries. She was not negligent per se.

The jury may have found that a reasonably prudent person upon alighting from a street car upon a heavily travelled highway as shown in this case, does not keep her eyes constantly upon the street to observe a plainly visible nuisance therein, allowed to remain there by defendant in violation of law, nor was the jury required to find plaintiff's failure in the respects stated was either the proximate cause or a proximate contributing cause of her injuries.

See: **Durbin v. Humphrey Co., 133 Oh St 367; Glasco v. Mendelman, 143 Oh St 523; Betras, Admr. v. McKelvey Co., 148 Oh St 523; Morrin v. Band, 87 Oh Ap 357;** Smith v. Zone Cabs, supra.

I am aware of the decision of the Supreme Court of Ohio in the case of **Lawrence v. The Toledo Terminal Railroad Co., 154 Oh St 335** wherein Chief Justice Weygandt, in stating the reasons for reversal of the judgment of two members of the Court of Appeals for Lucas County, sets forth on page 340 of the opinion, the view of the Supreme Court that

"as a matter of law the plaintiff, like the defendant, and the driver of the coupe, was negligent and that this negligence of his contributed directly and proximately to cause his injuries. It is the settled law of this state that such contributory negligence precludes recovery by the plaintiff."

Such quoted statement of the Chief Justice demonstrates that the Supreme Court found all parties to that action negligent and that the plaintiff's negligence was a proximate contributing cause of his injuries, contrary to the finding of the jury and contrary to the judgment of the Court of Appeals in affirming the judgment entered on the verdict of the jury, and, of all things, justifies such findings under the "reasonable minds" theory applied in Smith v. Zone Cabs, supra.

As stated in the opinion in the Smith case, "negligence per se and proximate cause are two separate and distinct issues" and in the syllabus it was held that,

"the issue still remains as to whether pedestrian's negligence directly contributed to produce his own injury and is one for the jury **provided the state of the record is such that reasonable minds may differ on the conclusions to be drawn from the evidence on that issue.**"

The evidence in this record clearly discloses that the city in violation of §3714 **GC,** had allowed a nuisance to exist in the public street at a place where **its own passengers** would alight from **its street car,** and that such nuisance had existed for such period of time that the city should have discovered and eliminated it. The evidence is such that the jury may have found that plaintiff previously knew of the existence of such nuisance in the street, but the evidence further shows that plaintiff at the time was concerned with the danger from traffic on the highway, at which she was looking and using her sense of sight, but miscalculated the danger from the nuisance. As stated by Judge Cordoza, in Knapp v. Barrett, 216 N. Y. 226, 110 K. E. 428,

"if plaintiff had used his eyes and has miscalculated the danger, he may still be free from fault."

The charge of the court in this case required the plaintiff to use her sense of sight for the purpose of calculating the danger from one only of the two dangers present, and was prejudiciously erroneous, especially in view of the further charges given before argument and sent to the jury room, to the effect that negligence of the plaintiff which directly contributed **in the slightest degree** to her injuries prevented her recovery.

It seems to me that the "reasonable minds" rule as applied in Smith v. Zone Cabs, supra, and the "slightest degree" rule as charged in this case, and as previously sanctioned by the Supreme Court, are so inconsistent with each other that one or the other should be abandoned; that the power of the trial court to grant a new trial where that court finds the verdict of the jury to be manifestly against the weight of the evidence, and the power of the court of appeals to reverse on that ground, with like power of the Supreme Court if it chooses to exercise it, will amply protect the rights of litigants without subjecting the judges of the lower courts to the imputation that they do not possess reasonable minds if the Supreme Court would differ with them on the conclusions to be drawn from the evidence.

I am convinced that the judges who joined with me in our decision in Smith v. Zone Cabs, supra, and the three judges of the Supreme Court who dissented from the majority when the case was decided in the latter court, have reasonable

minds. I personally know all the judges of the Lucas County Court of Appeals who reviewed the case of Lawrence v. Railroad Company, supra, and I know and have great respect for the Judges of the Supreme Court who reviewed both of these cases and I am satisfied that all these Judges have reasonable minds, and the very fact that they differed upon the conclusions to be drawn from the evidence in such cases exemplifies the folly of the members of one court holding that other judges of long experience and unquestioned integrity and ability do not have reasonable minds. Such is not only unnecessary but inconsiderate, in my opinion.

All of which may seem to lessen my position in this dissenting opinion, and I do hope that no one will conclude that I am in accord with the decision of the majority members of the Supreme Court in the Smith v. Zone Cabs case, but so long as the Supreme Court holds to the reasonable minds rule in relation to the issue of proximate cause, I am compelled to hold in this case that the trial court was in error in the quoted charge which omits any reference to that issue. The judgment should be reversed and a new trial granted.